**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4217**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL WINDOM,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:23-cr-00096-JKB-1)

Submitted:  April 29, 2026                    Decided:  June 17, 2026

Before THACKER, HARRIS and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**:  Daniel Woofter, RUSSELL & WOOFTER LLC, Washington, D.C., for Appellant.  Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Windom pled guilty under a written plea agreement to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). His plea agreement contained an appellate waiver in which Windom waived his right to appeal whatever sentence imposed for any reason. The district court imposed a within-Guidelines sentence of 63 months' imprisonment and 3 years of supervised release.

Windom now seeks to appeal his sentence, raising two primary arguments.[1] First, Windom argues that the district court procedurally erred because it summarily rejected the parties' coordinated below-Guidelines sentencing recommendation and failed to provide an individualized explanation for the sentence imposed. Second, Windom argues the district court's judgment contains an error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). In response, the government argues Windom's first argument is precluded by his valid appeal waiver. And on his second argument, the government argues there is no material discrepancy as between his oral and written sentence. We affirm in part and dismiss in part.

To start, an appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (quoting *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005)). "We review the validity of an appeal waiver de novo by considering whether the waiver was knowing and voluntary

---

[1] We have jurisdiction to consider Windom's appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

based on the totality of the circumstances." *United States v. Smith*, 134 F.4th 248, 255 (4th Cir. 2025). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Based upon our review of the transcript of the Rule 11 colloquy, we conclude Windom's appeal waiver was made knowingly and voluntarily. And Windom's argument regarding procedural error here falls squarely within the scope of his waiver of appellate rights. *See United States v. Siddiqui*, 850 Fed. App'x 854, 855 (4th Cir. June 28, 2021) (holding defendant's "challenge to the procedural reasonableness of his sentence falls within the scope of the waiver"); *United States v. Camp*, 716 Fed. App'x 229, 230 (4th Cir. Mar. 29, 2018) (holding defendant's argument that the district court's sentencing explanation was insufficient was "squarely with the scope of his valid appeal waiver"); *United States v. Oxendine*, 631 Fed. App'x 190, 191 (4th Cir. Feb. 2, 2016) (finding defendant's argument that the district court committed procedural error in calculating guidelines range was "within the scope of the waiver and [could] not be reviewed by this court"). Therefore, we dismiss Windom's appeal in part.

Turning next to whether the district court's judgment contains a *Rogers* error, we review the consistency between an "oral sentence and the written judgment de novo." *Rogers*, 961 F.3d at 296.[2] As a starting point, a defendant has a right to be present at sentencing, and, therefore, "all non-mandatory conditions of supervised release must be

---

[2] And under our current precedent, we are constrained to find that the appellate waiver here would not apply to the extent there are "null supervised release conditions." *See United States v. McLaurin*, 168 F.4th 693, 704 (4th Cir. 2026).

announced at a defendant's sentencing hearing." *Id*. Here, at sentencing, the district court orally incorporated by reference the Maryland Standard Conditions of Supervision set forth in the PSR. One of those conditions was that Windom had to report to the probation office where he was "*authorized to reside* within 72 hours of . . . release from imprisonment . . . ." J.A. 137 (emphasis added). But his written judgment said Windom would report to the probation office in the district to which he was "*released* within 72 hours of release from the custody of the Bureau of Prisons." J.A. 69 (emphasis added). And beneath that, the judgment also said Windom had to report to probation in the district where he was "*authorized to reside* within 72 hours . . ." of release. J.A. 69 (emphasis added). Our recent decision in *United States v. Aborisade*, 163 F.4th 856 (4th Cir. 2026) considered precisely the same discrepancy between an oral sentence and written judgment in the same judicial district. Following *Aborisade*, we conclude "the contested inconsistency between the oral pronouncement and written judgment is not material and thus full resentencing is not warranted." *Id*. at 868. Therefore, we affirm the remainder of the district court's judgment and Windom's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4